# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SAMUEL L.,[1]

    **Plaintiff,**

v.

SOCIAL SECURITY ADMINISTRATION,

    **Defendant.**

Case No. 2:25-cv-00247

District Judge Douglas R. Cole
Magistrate Judge Kimberly A. Jolson

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Samuel L., an Ohio resident who proceeds *pro se*, brings this action against the Social Security Administration. (Doc. 1). Previously, the Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 4). Now, the matter is before the Undersigned for an initial screen of Plaintiff's Complaint (Doc. 1-1), under 28 U.S.C. § 1915(e)(2), and on his Motion to Appoint Counsel (Doc. 7). For the following reasons, the Undersigned **RECOMMENDS** that the Complaint be **DISMISSED** and the **DENIES** his Motion for appointment of counsel.

## I.    STANDARD

Because Plaintiff proceeds *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than attorneys' filings. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). Nonetheless, "basic

---

[1] Under General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials. Although Plaintiff did not file this case pursuant to 42 U.S.C. § 405(g), the Court refers to Plaintiff by his first name and last initial out of an abundance of caution.

pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). These requirements are not burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and providing "the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1), (2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (saying a complaint must have enough facts to give the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (internal quotation omitted)). At this stage, the Court must construe Plaintiff's Complaint in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And a complaint with only "labels and conclusions" cannot survive the pleadings. *Id.* at 678 (internal quotation omitted).

## II. DISCUSSION

This action concerns alleged problems with Plaintiff's social security benefits. In 2009, he appealed the denial of his application for Supplemental Security Income (SSI) in this District under 42 U.S.C. § 405(g). (Doc. 1-1 at 1 (discussing Case No. 2:09-cv-00395)). Another judicial officer of this Court reversed the denial, and Plaintiff's SSI application was remanded to the Social Security Commissioner for further review. (*Id.* (saying his case was remanded under Sentence Four of 42 U.S.C. § 405(g))).

After that remand, Plaintiff seemingly received SSI benefits. (*Id.* at 1–2). Plaintiff also says the Commissioner of Social Security awarded him "eight years of backpay"—apparently to compensate him for the time that his SSI application was pending. (*Id.* at 1 (cleaned up); *see also*

*id.* (saying he first applied for SSI in 2004 but the appeal process took until 2012)). But Plaintiff claims he never received that money. (*Id.* at 1–2).

Then, in early 2022, the Social Security Administration ("SSA") informed Plaintiff "that he may be able to receive additional benefits" and "convince[d him]" to file another application. (*Id.* at 2). Plaintiff seems to have believed that he was applying for survivor or widower benefits, but he actually applied for Social Security Disability Insurance ("SSDI"). (*Id.* (saying he was convinced to file for "Survival, Widower Benefits that actually turned out to be SSDI")). Adding to these issues, Plaintiff asserts his application was improperly handled, resulting in his SSI benefits being "split up" and his owing money to the SSA. (*Id.*). All told, Plaintiff claims he is not receiving the Social Security benefits to which he is entitled. (*Id.* at 3 (saying money was "withheld" from him by the SSA); *see also id.* at 2–4 (discussing benefits for minors and survivors of deceased spouses)).

Plaintiff filed this action on March 13, 2025, seeking five million dollars in damages. (Doc. 1; Doc. 1-1 at 4). He sues the SSA under 42 U.S.C. § 1983; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; the Federal Fort Claims Act (FTCA), and Ohio Revised Code § 2913.01. (*See* Doc. 1-1 at 1–3, 5). Upon review, the Undersigned finds that all his claims should be dismissed.

To begin, absent their consent, federal agencies like the Social Security Administration enjoy absolute immunity from suits for damages. *Douglas v. Soc Sec. Admin.*, No. 3:23-cv-299, 2023 WL 7134589, at *2 (S.D. Ohio Oct. 10, 2023), *report and recommendation adopted*, No. 3:23-cv-299, 2023 WL 7131891 (S.D. Ohio Oct. 30, 2023). To that point, 42 U.S.C. § 405(g) contains the Social Security Administration's limited waiver of immunity. *El v. Soc. Sec. Admin.*, No. 1:24-cv-526, 2024 WL 1885786, at *1–2 (N.D. Ohio Apr. 30, 2024). Under that statute, a

3

plaintiff may sue the Social Security Administration in federal court for one purpose—to seek review of a final decision of the Commissioner of Social Security. *Id.* Since Plaintiff has expressly told the Court that is not his aim (Doc. 6), the SSA is immune from this action. *See El*, 2024 WL 1885786, at *2 (dismissing claims brought under the FTCA against the SSA); *Douglas*, 2023 WL 7134589, at *2–3 (finding the SSA could not be sued under Section 1983); *Ali v. U.S. Soc. Sec. Admin.*, No. 3:18-cv-289, 2018 WL 2193928, at *2 (M.D. Tenn. May 14, 2018) (same) (citing *Selden Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 785 F.2d 152, 158 (6th Cir. 1986)); *Doe v. Office of Inspector General EEOC*, No. 3:24-cv-1220, 2024 WL 4535979, at *4 (M.D. Tenn. Oct. 21, 2024) (saying federal agencies are immune from Title VI suits in federal court absent a waiver of sovereign immunity).

Immunity issues aside, Plaintiff's claims fail for other reasons. First, Plaintiff seeks to hold the SSA liable under Section 1983 for allegedly violating his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. (Doc. 1-1 at 1). Claims under this statute "may only be brought against persons acting under color of state law." *Lillacalenia v. City of Louisville*, No. 3:24-cv-122, 2024 WL 1468704, at *2 (W.D. Ky. Apr. 4, 2024) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). As an agency of the United States, the SSA is not a person. *Douglas*, 2023 WL 7134589, at *2. And it acts under federal, not state, law. *Hernandez v. United States*, No. 18-11019, 2018 WL 6571199, at *3 (E.D. Mich. Dec. 13, 2018). So, Plaintiff cannot proceed under this statute. *See Douglas*, 2023 WL 7134589, at *2; *Lillacalenia*, 2024 WL 1468704, at *2; *Hernandez*, 2018 WL 6571199, at *3.

Plaintiff's claim under Title VI fares no better. Title VI of the Civil Rights Act of 1964 states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under

4

any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. While the statute applies to programs that benefit from federal financial assistance, it does not "apply to programs conducted directly by federal agencies, such as the Social Security Administration." *Anderson v. Sheely*, No. 24, 00211 2024 WL 3297067, at *5 (S.D. Ala. July 3, 2024) (collecting cases). Because Plaintiff's claims involve the administration of Social Security benefits, a program conducted by a federal agency, Title VI does not provide him an avenue for relief. *Id.*; *see also Soberal-Perez v. Heckler*, 717 F.2d 36, 41 (2d Cir. 1983) (saying Title VI does not apply to titles under the Social Security Act or "direct benefit programs").

Next is the Federal Tort Claims Act (FTCA). This statute requires a plaintiff to exhaust his administrative remedies before filing suit against an agency in federal court. *McNeil v. United States*, 508 U.S. 106, 107 (1993) (citing 28 U.S.C. § 2675(a)). Specifically, "a plaintiff must first present his claim to the appropriate federal agency, and the federal agency must have issued a final denial of such a claim." *Hodges v. Soc. Sec. Admin.*, 1:20-cv-66, 2021 WL 949845, at *4 (E.D. Tenn. Mar. 12, 2021). In his Complaint, Plaintiff offers no statements suggesting that he tried to pursue his administrative remedies. (*See* Doc. 1-1). So, the Court cannot hear this claim either. *See Hodges*, 2021 WL 949845, at *4 (finding the court lacked jurisdiction to hear an unexhausted FTCA claim against the Social Security Administration); *El,* 2024 WL 1885786, at *2 (dismissing an FTCA claim against the Social Security Administration upon an initial screen for the same reason).

Finally, Plaintiff attempts to bring fraud and theft claims against the SSA under Ohio Revised Code § 2913.01. (Doc. 1-1 at 1). This is a criminal statute. As a private citizen, Plaintiff cannot sue anyone criminally. *See* Ohio Revised Code § 2913.01; *Kelly v. City of New Phila.*, No. 5:11-cv-474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v.*

5

*Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)). And "[w]here a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-cv-778, 2017 WL 1021364, at *3–4 (S.D. Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir. 2004)). Accordingly, these claims should also be dismissed.

All told, the Social Security Administration is immune from this lawsuit, and Plaintiff has failed to state a claim upon which relief can be granted. As a result, the Undersigned **RECOMMENDS** that his Complaint (Doc. 1-1) be **DISMISSED**. The Undersigned further **RECOMMENDS** that the Court (1) certify under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and (2) consequently deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

Finally, because the Undersigned recommends that this action should not proceed, the Undersigned also finds that the appointment counsel is not warranted. *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir. 1993) (noting the appointment of counsel under 28 U.S.C. § 1915(e) is "a privilege that is justified only by exceptional circumstances," not a constitutional right). Plaintiff's Motion to Appoint Counsel (Doc. 7) is **DENIED**.

### III. CONCLUSION

The Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED**. (Doc. 1-1). Additionally, the Undersigned **RECOMMENDS** that the Court (1) certify under 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and (2) deny Plaintiff leave to appeal *in forma pauperis*.

Finally, the Undersigned also **DENIES** Plaintiff's Motion to Appoint Counsel. (Doc. 7).

IT IS SO ORDERED.

Date: April 21, 2025                          /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE

### **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).