## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

SAMUEL L..[1],

      Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

Case No. 2:25-cv-247

JUDGE DOUGLAS R. COLE
Magistrate Judge Jolson

### OPINION AND ORDER

In her April 21, 2025, Report and Recommendation (R&R, Doc. 8, #59) Magistrate Judge Jolson recommends that the Court dismiss Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2) because the Social Security Administration (SSA)[2] is immune from this lawsuit and the Complaint fails to state a claim upon which relief may be granted. Plaintiff objected. (Objections, Doc. 9). For the reasons stated more fully below, the Court agrees with and **ADOPTS** the recommendation (Doc. 8), **OVERRULES** Plaintiff's Objections (Doc. 9), and **DISMISSES** Plaintiff's action without prejudice.

---

[1] Because this case involves a Social Security claim—which raises significant privacy concerns—the Court refers to the Plaintiff by first name and last initial. *See* General Order 22-01.

[2] While the Commissioner of Social Security is listed as the Defendant on the docket, the Complaint is clear that the suit is brought against the Social Security Administration. (Doc. 1-1, #4).

## BACKGROUND

Plaintiff alleges that the SSA failed to pay him the money he is owed. (Doc. 1-1, #5). So Plaintiff requests five million dollars in damages. (*Id.* at #7). Plaintiff alleges that his difficulties began on December 13, 2004, when he filed for Supplemental Security Income (SSI) "Divorce Widower Benefits." (*Id.* at #4). The SSA denied that request, and the matter was "continuously on an appeal" until early 2010 when Plaintiff eventually prevailed in federal court, causing a "decision [to be] remanded back to the Commissioner pursuant to 42 U.S.C. § 405(g)." (*Id.* (discussing Case No. 2:09-cv-395)). Eventually, according to Plaintiff, on March 16, 2012, the SSA awarded him eight years of SSI "back pay." (*Id.*). Plaintiff alleges he has yet to receive any of that money, forming part of the basis for this suit. (*Id.* at #4–5). (As best the Court can tell, Plaintiff began receiving SSI benefits sometime after 2012.)

But Plaintiff has a second disagreement with the SSA. Plaintiff alleges that on January 24, 2022, the SSA contacted him, claiming that "he may be able to receive additional benefits." (*Id.* at #5). However, this was done with "a misleading letterhead" to confuse and deceive Plaintiff into thinking he was filing for "Survival, Widower Benefits," while he was instead filing for Social Security Disability Insurance (SSDI), which Plaintiff "ha[d] no [employment] credits to receive." (*Id.*). Plaintiff claims this was part of a scheme to take all his money and back pay from his ex-wife's SSI earnings. (*Id.*). He also claims that starting in October 2022, his "SSI was split up" to make it look like he was receiving "divorce widower's benefits," when he was in fact not "receiving a dime." (*Id.*). Because other relatives began receiving the benefits in September 2020, Plaintiff alleges that he is owed the benefits from

that date. (*Id.* at #6). All told, Plaintiff requests $2,500,000 for his unpaid "back pay" from 2004–2012 and $2,500,000 for his missing benefits from September 2020 until present. (*Id.* at #7). Plaintiff is suing the SSA under 42 U.S.C. § 1983, alleging violations of Ohio Rev. Code § 2913.01(A–B) and the Fourth, Fifth, Eighth, and Fourteenth Amendments. (*Id.* at #4–5). Later in the Complaint, he also brings other claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., and the Federal Tort Claims Act (FTCA). (*Id.* at #6).

Plaintiff initiated this case on March 13, 2025. (Doc. 1). Because Plaintiff sought to proceed in forma pauperis, the matter was referred under this Court's Amended Columbus General Order 22-01 to a Magistrate Judge for initial handling. But the Magistrate Judge denied Plaintiff's Motion for Leave to Proceed in forma pauperis because he did not provide sufficient financial information. (Doc. 2). Plaintiff then provided the required financial information in a new motion, (Doc. 3), which the Magistrate Judge granted, (Doc. 4). At the same time, because the SSA enjoys absolute immunity from suits from damages unless a plaintiff is seeking review of a final decision of the Commissioner of Social Security, the Magistrate Judge issued a show cause order. (*Id.* at #46–47). That order required Plaintiff to "(1) explain whether he seeks judicial review of a final decision of the Commissioner; and if so, (2) whether he has completed all four steps of the administrative process" that would allow him to seek such review. (*Id.* at #47). Plaintiff responded, stating that he is "not seeking judicial review [but] rather pursuing in a law suit [sic]." (Doc. 6, #51). Plaintiff then cited various cases where individuals have sued the SSA and stated

that the FTCA waives sovereign immunity for specific claims related to negligence or wrongful acts, which he claimed applies here. (*Id.*). On that same day, Plaintiff also asked the Court to grant him counsel in this matter. (Doc. 7).

Against that backdrop, the Magistrate Judge screened the Complaint under 28 U.S.C. § 1915(e)(2) and issued an R&R, recommending that this Court dismiss Plaintiff's Complaint. (Doc. 8, #59). First, the Magistrate Judge restates the problem she raised in her show cause order: that a "plaintiff may sue the [SSA] in federal court for one purpose—to seek review of a final decision of the Commissioner of Social Security." (*Id.* at #56–57 (citing *El v. Soc. Sec. Admin.*, No. 1:24-cv-526, 2024 WL 1885786, at *1–2 (N.D. Ohio Apr. 30, 2024))). Because Plaintiff "expressly told the Court that is not his aim," (Doc. 8, #57 (citing Doc. 6)), the SSA is immune from this suit, (*id.*).

The Magistrate Judge also opines that, immunity aside, Plaintiff fails to plead a viable claim. (*Id.*). His § 1983 claim for alleged violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights fails because § 1983 claims "may only be brought against persons acting under color of state law," and the SSA is not a person nor acting under state law. (*Id.* (quoting *Lillacalenia v. City of Louisville*, No. 3:24-cv-122, 2024 WL 1468704, at *2 (W.D. Ky. Apr. 4, 2024))). His Title VI claim fails, the R&R says, because the statute "does not 'apply to programs conducted directly by federal agencies, such as the Social Security Administration.'" (*Id.* at #58 (quoting *Anderson v. Sheely*, No. 24-00211, 2024 WL 3297067, at *5 (S.D. Ala. July 3, 2024))). His FTCA claim fails because it "requires a plaintiff to exhaust his administrative remedies

before filing suit against an agency in federal court," and Plaintiff pleads no facts that he has done so. (*Id.* (citing *McNeil v. United States*, 508 U.S. 106, 107 (1993); 28 U.S.C. § 2675(a))). Finally, his Ohio Revised Code § 2913.01 claim fails, according to the R&R, because Plaintiff is attempting to sue under a *criminal* statute, which does not provide a private cause of action. (*Id.* at #58–59 (citing *Kelly v. City of New Phila.*, No. 5:11-cv-474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011))).

In sum, the Magistrate Judge finds that the SSA is both immune from this lawsuit, and that Plaintiff fails to state a claim upon which relief can be granted. (*Id.* at #59). Accordingly, she recommends dismissal but does not state whether the Court should dismiss with or without prejudice. (*Id.*). Separately, citing 28 U.S.C. § 1915(a), the Magistrate Judge finds that an appeal of any Order adopting the R&R would not be taken in good faith and therefore recommends denying Plaintiff leave to appeal in forma pauperis. (*Id.*). Additionally, because she recommends the action be dismissed, she denied Plaintiff's Motion to Appoint Counsel (Doc. 7). (Doc. 8, #59).

The R&R advised Plaintiff that he had 14 days to serve and file specific written objections, which the Plaintiff did.[3] (Objections, Doc. 9). In his Objections, Plaintiff expresses disagreement with the screening process, as he believes the Magistrate Judge acted as a lawyer for the SSA by recommending dismissal of his case. (*Id.* at #61). He adds that the SSA can be sued as it "has been … sued many and [m]ultiple

---

[3] While the Objection was filed by the Clerk on May 7, 2025, it was signed and dated by Plaintiff on May 5. Due to the Plaintiff's pro se status, the Court treats the Objections as timely. (Doc. 9).

times," and because the Magistrate Judge recommended otherwise, "she should be removed." (*Id.*).

Since filing his Objections, Plaintiff has submitted three more documents to the Court. (Docs. 10–12). First, in response to the ending of the abeyance period adopted in response to the government shutdown, as set out in Southern District of Ohio General Order 25-04, Plaintiff renews his request for relief. (Doc. 10, #70).[4] Then, Plaintiff submitted a "Sworn Affidavit" requesting a default judgment because the SSA failed to respond to the Complaint. (Doc. 11, #86). Finally, referencing the "Addendum for General Order 25-04," (*see* supra Note 4), Plaintiff reiterates that he has not received any money from SSA in 2009 or 2010, and only began receiving funds after he "reapplied in 2014." (Doc. 12, #247).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection.*" Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (quotation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

---

[4] The Southern District of Ohio has since issued an Amended General Order 25-04, extending the abeyance until November 12, 2025, a period that ended after the filing of his request. Regardless, Plaintiff's request is moot as the Court is dismissing this matter.

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, here Plaintiff is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil*, 508 U.S. at 113. And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## ANALYSIS

The Court begins by noting that Plaintiff's Objections are close to the kind of general objections that do not trigger de novo review. He does not cite to any portion of the R&R, asserting only his "disapproval" of the Magistrate Judge's "belie[f] [that] SSA can not be sued." (Doc. 9, #61). That said, Plaintiff appears to be objecting to the R&R's finding that the SSA has immunity from his suit. Given that Plaintiff is proceeding pro se, the Court liberally construes his objections and elects to review the portion of the R&R addressing immunity de novo. But that does not change the result.

Start with the other, unobjected portions of the R&R. The Court finds no clear error there. The Court agrees that Plaintiff fails to state a claim for relief. As the Magistrate Judge held, his Title VI claim fails because that statute does not "apply to programs conducted directly by federal agencies, such as the Social Security Administration." *Anderson*, 2024 WL 3297067, at *5 (collecting cases) (quotation omitted). And the FTCA claim fails because Plaintiff has not exhausted his administrative remedies. *McNeil*, 508 U.S. at 107 (citing 28 U.S.C. § 2675(a)). The Court also agrees with the R&R's finding that Plaintiff's § 1983 claims for constitutional violations fail because such claims cannot be brought against the SSA. *See Lillacalenia*, 2024 WL 1468704, at *2. Finally, the Court agrees that Plaintiff cannot bring a claim under an Ohio criminal statute (Ohio Revised Code § 2913.01). *See Kelly v. City of New Phila.*, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011). That said, based on the Court's reading of the Complaint, it does not appear that Plaintiff is attempting to bring a standalone claim under that statute. Rather, he

seeks to use the alleged violation of that state statute as the basis for a claim under § 1983. (Doc. 1-1. #4). But if that is the correct reading, the claim fails for two other reasons. First, liability under § 1983 extends only to "persons," and the SSA is not a person. (Doc. 8, #58–89). *See Lillacalenia*, 2024 WL 1468704, at *2. Second, § 1983 provides relief only for deprivations of rights secured by the Constitution or *federal* law, so Plaintiff cannot rely on an alleged state law violation. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). In sum, even apart from any immunity the SSA may have, all of Plaintiff's claims fail.

And unfortunately for Plaintiff, reviewing de novo the immunity question—on which ground the Plaintiff at least appears to have objected—the Court agrees with the Magistrate Judge. The SSA is an agency of the United States and is thus entitled to absolute immunity from suit absent consent. *See El*, 2024 WL 1885786, at *1–2. And the SSA has only waived its immunity for suits seeking a reversal of a "final decision" of the SSA. *Id.* Plaintiff is expressly not seeking such relief. (Doc. 6, #51). Accordingly, the Court finds that the SSA is immune from Plaintiff's suit. This again warrants dismissal.

Each of Plaintiff's claims fail for several reasons. Moreover, it is unlikely these defects, especially the immunity issue, could be cured by further allegations. That said, as Plaintiff is proceeding pro se, the Court dismisses this action without prejudice.

## CONCLUSION

The Court **OVERRULES** Plaintiff's Objections (Doc. 9) and, finding no clear error as to the unobjected portions and no error as to the objected immunity of the SSA, **ADOPTS** the R&R (Doc. 8) in its entirety. Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE**. The Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, and **DENIES** Plaintiff leave to appeal in forma pauperis. The Court further **DISMISSES** all pending motions, most notably Plaintiff's request for default judgment (Doc. 11), as **MOOT**. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

      **SO ORDERED.**

November 21, 2025
**DATE**
                        **DOUGLAS R. COLE**
                        **UNITED STATES DISTRICT JUDGE**